PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRYSTAL N. WILLIAMS,                    )
                                          )     CASE NO. 1:12cv358
            Plaintiff,                    )
                                          )
            v.                            )     JUDGE BENITA Y. PEARSON
                                          )
COMMISSIONER OF SOCIAL                    )
SECURITY,                                 )
                                          )     **MEMORANDUM OF OPINION AND**
            Defendant.                    )     **ORDER** [Regarding ECF Nos. 19; 20; 21]

On March 19, 2013, Magistrate Judge Kathleen B. Burke issued a Report ("R&R")

recommending that the decision of the Commissioner be reversed and remanded for proceedings

consistent with the R&R.  ECF No. 19.  The Commissioner and Plaintiff both filed objections

(ECF Nos. 20; 21) and responses in opposition to the objections lodged by the other (ECF Nos.

22; 23).  For the reasons that follow, the Court overrules both parties' objections and adopts the

R&R.

## I.  Background[1]

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security

Income on or about September 24, 2007, alleging a disability onset date of January 1, 2006 based

on asthma, affective disorders, bipolar manic depressive, and abnormal vaginal bleeding.  ECF

No. 19 at 1-2.  After initial denials by the state agency and denials upon reconsideration, Plaintiff

requested a hearing, and an administrative hearing was held before Administrative Law Judge

---

[1]  The R&R fully sets out the factual background which the Court incorporates herein.
*See* ECF No.19 at 1-12.

(1:12cv358)

Dennis LeBlanc ("ALJ") on April 29, 2011. ECF No. 19 at 2. On June 8, 2011, the ALJ issued a

decision finding that Plaintiff had not been under a disability since January 1, 2006, through the

date of the ALJ's decision. ECF No. 19 at 2. Plaintiff requested review of the ALJ's decision by

the Appeals Council— the Appeals Council denied her request for review, making the ALJ's

decision the final decision of the Commissioner. ECF No. 19 at 2.

In determining that Plaintiff had not been under a disability, the ALJ followed the five-

step evaluation process set forth in 20 C.F.R. § 404.1520. ECF Nos. 19 at 11-12; 15 at 15. The

ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset

date and that she had the following severe impairments: asthma, degenerative disc disease of the

lumbar spine, vein thrombosis, obesity and major depressive disorder. ECF Nos. 19 at 12; 15 at

16; see 20 C.F.R. § 404.1520(a)(4)(i),(ii). Because Plaintiff's impairments were not listed

impairments, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and her age,

education, and work experience. ECF Nos. 19 at 12; 15 at 17-21; see 20 C.F.R. §

404.1520(a)(4)(iii),(iv)(v). The ALJ ultimately determined that Plaintiff has the RFC to perform

light work, and that she "can understand, remember, and carryout non-detailed two to three step

instructions in a routine work environment with few daily changes." ECF No. 15 at 18.

To determine whether there are jobs that exist in significant numbers in the national

economy that Plaintiff can perform, the ALJ asked a Vocational Expert ("VE") to assume a

hypothetical:

> an individual age 29 with a limited education. I'd like you to further assume that
> this hypothetical individual I'm describing would be able to lift and/or carry 20
> pounds occasionally, 10 pounds frequently; stand and/or walk for six hours in an
> eight-hour day; sit for about six hours of an eight-hour day; would be occasionally

2

(1:12cv358)

> able to climb, but no ladders, ropes, or scaffolds; would be occasionally able to stoop; would need to avoid work environments of extreme heat; would need to avoid work environments with smoke, fumes, dust, gases; would be able to understand, remember, and carry out non-detailed two- to three-step instructions; where interaction in a routine work environment with few daily changes, where interaction with co-workers would be superficial in nature, and interaction with the general public would be no more than occasional.

ECF Nos. 15 at 70-71; 19 at 9.  The ALJ then asked the VE whether such a hypothetical individual would be able to perform any unskilled occupations existing in the national, regional or local economy, to which the VE answered in the affirmative, citing mail clerk (not in the post office) and bench assembler.  ECF Nos. 19 at 10; 15 at 71-72.

Plaintiff filed a Complaint in the instant Court and argued that 1) although the ALJ found that Plaintiff had moderate limitations in maintaining concentration, persistence or pace, the ALJ's step five RFC determination and hypothetical question to the VE did not account for those limitations; and 2) the ALJ failed to adequately evaluate evidence of Plaintiff's hospitalizations in 2008 and 2009 which, Plaintiff alleges, proves that she would be unable to perform sustained work and is therefore disabled.  ECF Nos. 19 at 13; 16 at 9, 11; 18 at 6, 7.  The magistrate judge found that the ALJ's step five determination was not supported by substantial evidence and recommended remand on that issue.  ECF No. 19 at 14-19.  The magistrate judge also determined that the ALJ did not err in his consideration of Plaintiff's treatment history, including her hospitalizations.  ECF No. 19 at 21.

Both parties filed objections to the R&R— Plaintiff asserts that the magistrate judge's hospitalization finding is erroneous, and the Commissioner contends that the RFC and the VE hypothetical reasonably accounted for Plaintiff's mental impairments.  ECF Nos. 20; 21.

3

(1:12cv358)

## II.  Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*.  Fed. R. Civ. Pro. 72(b)(3).  A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  *Id.*  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

When reviewing the Commissioner's conclusions regarding disability benefits, a court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir.2009).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992).  The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).  Even if substantial evidence supports a claimant's position, the court cannot overturn the decision "so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).  Procedural errors, however, can be a basis for overturning the decision of the

4

(1:12cv358)

Commissioner, even if that decision is supported by substantial evidence.  *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.  Analysis

### A.  The RFC and Hypothetical Question

The magistrate judge found that the ALJ, in step three, determined that Plaintiff had moderate difficulties with regard to concentration, persistence and pace.  ECF No. 19 at 15; 15 at 17.  The magistrate judge also found that, consistent with his finding in step three, the ALJ, in assessing Plaintiff's RFC, acknowledged that Plaintiff's "activities are more consistent with moderate limitations in functioning."  ECF Nos. 19 at 15; 15 at 21.  The Commissioner does not object to this finding.

The magistrate judge found that the ALJ "gave considerable weight to various state agency physicians' medial assessments, including assessments by Dr. Demuth and Dr. Matyi.  ECF No. 19 at 15 (internal citations omitted).  The magistrate judge noted,

> Dr. Demuth indicated that Williams had moderate limitations in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  Tr. 416.  Additionally, in the Psychiatric Review Technique, Dr. Demuth opined that Williams had moderate limitations in maintaining concentration, persistence, or pace.  Tr. 429.  Moreover, Dr. Matyi, in reviewing Dr. Demuth's assessment, affirmed his opinion with exceptions including an exception regarding Dr. Demuth's finding regarding Williams' ability to maintain attention and concentration for extended periods.  Tr. 522.  Dr. Matyi opined that Williams' ability to maintain attention and concentration for extended periods was moderately limited whereas Dr. Demuth opined that Williams was not significantly limited in her ability to maintain attention and concentration for extended periods.  Tr. 522, 415 (no. 6).

ECF No. 19 at 15.

(1:12cv358)

As an initial matter, the Commissioner argues that the magistrate judge "mis-characterizes Dr. Matyi's opinion concerning Plaintiff's abilities to sustain concentration, persistence, or pace," because the R&R later refers to "Dr. Matyi's opinion . . . that Plaintiff cannot maintain attention/concentration for extended periods . . ."  ECF Nos. 20 at 4; 19 at 18. The Commissioner asserts that Dr. Matyi did not say Plaintiff "cannot" maintain attention and concentration, but that Plaintiff was "moderately limited" in her ability to maintain attention and concentration.  ECF No. 20 at 4.  The Court notes that, although the Commissioner's assertion is true to the extent that Dr. Matyi did not state that Plaintiff "cannot" maintain attention and concentration, the magistrate judge's use of the word "cannot" instead of "moderately limited" in one sentence of the R&R does not evince a misapplication of Dr. Matyi's opinion.  The Court notes that the R&R repeatedly refers to Dr. Matyi's opinion of Plaintiff's abilities to maintain attention and concentration as being moderately limited (ECF No. 19 at 8, 15, 17), and that the singular use of the word "cannot" is not fatal to the magistrate judge's analysis.

The Commissioner also objects to the magistrate judge's finding that the opinions from state agency physicians indicate speed and pace based limitations.  ECF No. 20 at 4.  The Commissioner contends that "[t]he R&R suggests the ALJ should have included or discussed limitations that correspond to notations in Section I of the Mental [RFC] form made by Drs. Demuth and Matyi," whereas the ALJ need only include the findings in Section III of the form. ECF No. 20 at 5.  The Commissioner argues that Section III is the actual assessment and asserts that it contained no requirement of speed or pace based restriction accommodation.  ECF No. 20 at 5.

(1:12cv358)

Although the Sixth Circuit has not decided the question, *see Ealy*, 594 F.3d at 516, courts in the Northern District of Ohio routinely find that an ALJ need not include findings contained in Section I of a Mental RFC in his or her assessment.  *See Butler v. Comm'r of Soc. Sec.*, 2012 WL 1605494, at *6 (N.D.Ohio Apr. 20, 2012) (ALJ properly incorporated Section III findings in her RFC, and was not required to include Section I notations that the plaintiff was moderately limited in performing at a consistent pace without an unreasonable number and length of rest periods); *Velez v. Comm'r of Soc. Sec.*, 2010 WL 1487599, at *6 (N.D.Ohio 2010) ("In general, ... the ALJ is not required to include the findings in Section I in formulating residual functional capacity."); *see also Joiakim v. Commissioner of Social Sec.*, 2011 WL 1120043, at *6 (E.D.Mich. March 8, 2011) ("Several courts within the Sixth Circuit and elsewhere have addressed the issue raised by plaintiff regarding the mental assessment and have all found that Section I of the mental assessment is merely a worksheet and does not constitute the RFC assessment.").  In the instant case, the speed and pace limitations of Dr. Demuth and Dr. Matyi noted by the magistrate judge were found in Section I of the Mental RFC.[2]  Had this been the only instance of specific speed and pace limitations, it would not have been erroneous for the ALJ to omit speed and pace limitations in his RFC.

However, the ALJ himself had determined in step three that Plaintiff had moderate difficulties regarding concentration, persistence or pace.  ECF No. 15 at 17.  The Commissioner

---

[2]  Dr. Matyi did not herself fill out a Mental RFC form, but submitted a case analysis wherein she opined as to accuracy of Dr. Demuth's Mental RFC form and the boxes she would have checked.  *See* ECF No. 15 at 420-421, 527 (Dr. Demuth's Section I Mental RFC; Dr. Matyi's opinion as to Dr. Demuth's Section I findings).

(1:12cv358)

fails to explain how the ALJ's own determination can be ignored, and case law does not support

such a theory.  *See* *Cortes v. Astrue*, 2012 WL 4050157, at * 6, n. 3 (N.D.Ohio Sept. 13, 2012)

("the ALJ's own finding [in step three] dictates that Cortes had moderate limitations in

persistence, concentration, and pace.  Though the ALJ was not required to find such limitations

existed, once he does so, he must account for them in the RFC."); *Christian v. Astrue*, 2012 WL

2913294, at * 5-6 (S.D.Ohio July 17, 2012)(remanding case wherein ALJ found moderate

limitations in step three but did not account for them in his RFC or VE hypothetical); *Raymond v.*

*Comm'r of Soc. Sec.*, 2012 WL 2872152, at *4 (N.D.Ohio June 4, 2012) (based on ALJ's

determination of moderate difficulties regarding concentration, persistence, or pace in step three,

and treating source opinions concluding the same, the RFC and hypothetical should have either

included some durational limitation or an explanation as to why one was not needed).

    In the instant case, the magistrate judge found that, because the ALJ determined that

Plaintiff had moderate limitations in concentration, persistence or pace, consistent with two

opinions reflecting speed and pace restrictions, the ALJ erred in not including an analysis or

explanation for why he omitted speed or pace limitations from the RFC and the VE hypothetical.

ECF No. 19 at 18.  This was not in error.  *See* *Raymond*, 2012 WL 2872152, at *4; *Christian,*

2012 WL 2913294, at * 5-6; *Cortes,* 2012 WL 4050157, at * 6, n. 3; *White v. Comm'r of Soc.*

*Sec.*, 312 Fed.App'x. 779, 789 (6th Cir. 2009) (because the hypothetical merely restated the RFC,

and the RFC does not accurately reflect the plaintiff's limitations, "the hypothetical question

suffers from the same problems as the RFC, and thus the ALJ erred in relying on the answer to

this question.").

(1:12cv358)

Accordingly, the Commissioner's objection to the R&R is overruled.

**B. The Hospitalizations**

The magistrate judge found that the ALJ did not err in his consideration of Plaintiff's treatment history, including hospitalizations. ECF No. 19 at 19. The magistrate judge noted that after the ALJ reviewed Plaintiff's treatment history, he stated that although the "impairments combined may have stopped her from working for a while [they] . . . do not account for why she did not return to work or remains not working." ECF Nos. 19 at 20; 15 at 20. The magistrate judge rejected Plaintiff's argument that because Plaintiff was hospitalized for a certain number of days in 2008-2009 that would have resulted in her missing eleven days of hypothetical work per year, Plaintiff should have automatically been deemed disabled. ECF No. 19 at 20.

Plaintiff raises the same argument in her objection.[3] Plaintiff argues that, as a matter of law, the number of days a claimant can work is relevant to a determination whether the claimant can perform "sustained" work in part based on the number of days per week that a claimant must be able to work. ECF No. 21 at 5. In support of her argument, Plaintiff cites Social Security Ruling No. 96-8p, policy interpretations for assessing RFC. ECF No. 21 at 2. SSR No. 96-8p states that an "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." 1996 WL 374184, at *2. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* Because Plaintiff was hospitalized for an average of eleven days per year in 2008-

---

[3] Plaintiff also advances her arguments in support of her hospitalization theories in her response to Defendant's objections. ECF No. 23 at 8-10. Because these arguments amount to a sur-reply, the Court does not consider them. *See* Local Rule 72.3(b).

(1:12cv358)

2009, and because the VE opined that, on average, employers allow an employee to miss work less than one day per month, Plaintiff asserts that she is unable to work on a regular and continuous basis because she was unable to work without missing less than one day per month in 2008-2009.  ECF No. 21 at 3-5.  Therefore, Plaintiff alleges, she is disabled.  ECF No. 21 at 2.

As the R&R notes, Plaintiff did not then and does not now cite legal authority in support of her argument that the number of days hospitalized is alone determinative of a disability as a matter of law.  ECF No. 19 at 20.  Plaintiff's argument that the ALJ did not adequately evaluate her hospitalizations because "[t]he ALJ never grappled with the mathematically certainty that Williams could not perform sustained work per the undisputed medical records and the vocational expert's uncontradicted testimony" is, therefore, unavailing.  ECF No. 21 at 6.  Accordingly, Plaintiff's objections are overruled.

### IV.  Conclusion

For the foregoing reasons, the Court overrules the parties' objections (ECF Nos. 20; 21) to the R&R (ECF No. 19) and adopts the Report and Recommendation in its entirety.  The decision of the Commissioner is reversed and remanded for proceedings consistent with the Report and Recommendation.


IT IS SO ORDERED.


May 28, 2013                                  /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                             United States District Judge

10