PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRYSTAL N. WILLIAMS, ) | |
| ) | CASE NO. 1:12cv358 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 26] |

This action is before the Court upon Plaintiff's Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF No. 26). Plaintiff moves the Court for an order authorizing payment of a fee in the amount of $9,556.81 to be paid by Defendant. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court grants Plaintiff's motion in part and awards fees in the amount of $7,202.90.

**I. Background**

On March 19, 2013 Magistrate Judge Burke issued a Report ("R&R") recommending that the decision of the Commissioner be reversed and remanded in part. ECF No. 19. The ruling was favorable to Plaintiff on the issue of speed and pace-based restrictions, and favorable to Defendant on the hospitalization issue. Plaintiff and Defendant both filed objections and

(1:12cv358)

responses. ECF Nos. 20; 21; 22; 23. The Court overruled the objections and adopted the R&R in its entirety. ECF No. 24. The Court remanded the decision of the Commissioner as to Plaintiff's speed and pace-based restrictions, and affirmed the Commissioner's decision as to Plaintiff's hospitalizations. Thereafter, Plaintiff filed a motion for attorney fees pursuant to the EAJA.

## II. Legal Standard

EAJA provides for an award of attorney fees and other expenses to a party who prevails in litigation against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 445 (6th Cir. 2009); Comm'r., I.N.S. v. Jean, 496 U.S. 154, 158 (1990). The government has the burden under the EAJA to show that its position was substantially justified. United States v. True, 250 F.3d 410, 419 n.7 (6th Cir. 2001)

In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court held that the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, "if it has a reasonable basis in law and fact." Id. at 565-66 n.2; see also Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). A loss on the merits does not equate with a lack of substantial justification. See Pierce, 487 U.S. at 569 ("[O]bviously, the fact that one [] agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not

(1:12cv358)

substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.").

### III.  Analysis

#### A.  Whether Fees are Appropriate

In the instant case, the Court remanded for consideration of speed and pace-based limitations.  In doing so, the Court found that, because the ALJ noted in step three of his analysis that Plaintiff had moderate difficulties regarding concentration, persistence or pace, "the ALJ erred in not including an analysis or explanation for why he omitted speed or pace limitations from the RFC and the VE hypothetical." ECF No. 24 at 8.

Defendant argues that its position was substantially justified in objecting to this finding because "[c]ase law regarding [] the need for speed or pace-based limitations where a claimant is found to have moderate limitations in the broad functional area of concentration, persistence, or pace is divided." ECF No. 28 at 4 (citing *Jackson v. Comm'r of Soc. Sec.*, 2011 WL 4943966, at *4 (N.D. Ohio Oct. 18, 2011); *Kline v. Astrue*, 2013 WL 1947164, at *5 (N.D. Ohio Apr. 17, 2013); *Todd v. Astrue*, 2012 WL 2576435, at *11 (N.D. Ohio May 15, 2012); *Clayton v. Astrue*, 2013 WL 427407, at *7 (S.D. Ohio Feb.1, 2013)).  However, the cases cited by Defendant involved specific limitations on concentration, persistence or pace in the record, in contrast to the

3

(1:12cv358)

instant case.[1] Moreover, the relevant Sixth Circuit published opinion, *Ealy v. Commissioner of Soc. Sec*, 594 F.3d 504, 516 (6th Cir. 2010), states that an ALJ finding that a plaintiff has moderate difficulties in concentration, persistence or pace requires such a limitation or explanation in the RFC and hypothetical to the VE. In the instant case, despite finding that Plaintiff had moderate difficulties in concentration, persistence or pace in step three, the ALJ did not include such a limitation in the RFC or the hypothetical, and did not explain why he chose not to. Accordingly, the Court finds that the Acting Commissioner's position is not substantially justified.

### B. Amount of Fees

Plaintiff requests $8,173.96 in fees spent litigating the merits of the case, and $1,382.85 spent litigating the fees, based on her Supplemental EAJA Application, for a total of $9,556.81.

#### 1. Reasonable Hours

Plaintiff requests compensation for 43.6 hours of attorney work and 2.7 hours for Appellate Assistant Shriver.[2] ECF No. 26-1; 26-2. Defendant argues that this amount should be reduced by 8.8 hours, the time spent briefing Plaintiff's unsuccessful objection to the R&R on

---

[1] In *Kline*, the ALJ found limitations in step three based on the record indicating concentration and persistence, then properly provided for those limitations in step five. 2013 WL 1947164, at *4. The plaintiff argued that the ALJ erred because he did not consider "pace" limitations in step five. *Id*. The court explained that the ALJ did not find pace limitations in step three, so he need not incorporate pace limitations in step five. *Id.* The court noted that "concentration, persistence or pace" appears in the disjunctive - with the word "or." *Id.*

[2] This number includes 5.8 hours for Attorney Roose and 37.8 hours for Attorney Schnaufer. ECF No. 26-1 at 1-3.

4

(1:12cv358)

her hospitalization claim — "5.8 for h[er] objections and 3 for h[er] response to Defendant's Objections, which included Plaintiff's reply in support of her objections." ECF No. 28 at 12.

Plaintiff asserts that her objection to the R&R was reasonable, and involved a "related issue that was colorably raised in plaintiff's interest." ECF No. 30 at 6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). The Court finds that the objections raised by Plaintiff regarding her hospitalization were at most tangentially related to her successful claim, and lacked any basis in legal support as presented before the magistrate judge and in her objections. *See* ECF Nos. 19 at 20; 24 at 10. Thus, the Court, in its discretion, finds that Plaintiff is not entitled to attorney fees for the 5.8 hours spent objecting to the hospitalization portion of the R&R. *See* ECF No. 26-1 at 3.

Plaintiff does not respond to Defendant's contention that 3 out of 8.1 hours spent on drafting a response to Defendant's objection should be deducted. The Court notes that a portion of Plaintiff's response to Defendant's objection was a sur-reply regarding her non-meritorious hospitalization claim and, therefore, was not considered by the Court. *See* ECF No. 24 at 9. Accordingly, the Court reduces Plaintiff award by 3 hours for unnecessary briefing in response to Defendant's objection.

Defendant also asserts that Ms. Shriver's time should be reduced by .9 hours for time spent on administrative tasks. ECF No. 28 at 12. Although Plaintiff states that clerical tasks were eliminated, the Court finds that .7 hours were spent on administrative tasks, such as downloading, mailing and receiving documents. *See* ECF No. 26-2 at 1. Accordingly, the Court

5

(1:12cv358)

reduces compensation by .7 hours, thereby awarding compensation for 2 hours of work performed by Ms. Shriver.

In sum, Plaintiff's request for attorney fees is reduced by 8.8 hours for a total of 34.8 compensable hours, and recovery of hours worked by Appellate Assistant Shriver is reduced by .7 hours for a total of 2 compensable hours.

### 2. Hourly Rates

#### a. Reasonable Attorney Rate

Plaintiff submits that, pursuant to the EAJA, a rate of $184.38 per hour for services by Attorneys Roose and Schnaufer and a rate of $50 per hour by Appellate Assistant Shriver is compensable. ECF No. 26 at 3. Defendant argues that the attorney fees are excessive and should be capped at the statutory rate of $125 per hour. ECF No. 28 at 5-6.

Under the EAJA , the amount of attorney fees awarded shall be based on the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court must review Plaintiff's application for attorney's fees to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff argues that an increase in the cost of living since March 1996 justifies an increase in the statutory rate. ECF No. 26 at 6. She requests attorney's fees at the rate of $184.38, which she argues is comparable to the prevailing market rates. Plaintiff arrives at that

6

(1:12cv358)

figure using the national Consumer Price Index (CPI) in addition to affidavits or declarations from Attorney Roose and three other attorneys practicing social security law in the geographical area. ECF No. 26 at 4; 26-11; 26-4 to 26-7.

Defendant contends that one affidavit discusses an hourly rate based on a contingent fee agreement, which Defendant asserts is not justification for fees pursuant to EAJA. ECF No. 28 at 9. Defendant argues that Plaintiff has not submitted evidence that shows the "prevailing rates for attorney's services in this district of the kind and quality rendered in this case." ECF No. 28 at 6. Plaintiff points out that the prevailing hourly rates for social security litigation is not possible because "[i]t is federal crime to charge or collect from a Social Security disability plaintiff a non-contingent fee. 42 U.S.C. 406(b)." ECF No. 30 at 9. Therefore, Plaintiff asserts, declarations and affidavits of himself and other social security attorneys indicating the hourly rate based on contingency fees in addition to other hourly rates approved by courts in this district are sufficient. ECF No. 26 at 5; 26-4 to 26-7. Plaintiff also submits the Ohio State Bar Association rate survey of attorneys; "The Survey of Law Firm Economics," a nation/regional survey; Bureau of Labor Statistics ("BLS") data on clerical wages; and the Legal Services CPI. ECF No. 26-8 to 26-11.

The Court finds that Plaintiff has established that an increase in the cost of living justifies a higher fee, and an increase in the hourly rate for Attorneys Roose and Schnaufer above the statutory ceiling of $125 is justified. Plaintiff's counsel is among a number of qualified attorneys in the local market who are willing and able to take on social security cases. Attorney

7

(1:12cv358)

Roose has been practicing social security cases for twenty-three years, and Attorney Schnaufer for seventeen.  *See* ECF Nos. 26-12 at 1-2.

The Court, however, finds the regional CPI, rather than the national index, more accurate. *See Vasquez v. Astrue*, 2012 WL 3637676, at *3 (N.D.Ohio Aug. 22, 2012)("requested fees should be 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation[,]'" quoting *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)).  Accordingly, the Court awards Plaintiff attorney fees at an hourly rate of $177.85.[3]  *See Rodriguez v. Comm'r of Soc. Sec.*, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012) (using the regional CPI over the national, approving $176.95); *Vasquez*, 2012 WL 3637676, at *3 (same); *Jaworski v. Astrue*, 2012 WL 3552634, at *3 (N.D. Ohio Aug. 16, 2012) (same); *Lanken v. Comm'r of Soc. Sec.*, 2013 WL 237478, at *1 (N.D.Ohio Jan. 22, 2013)(using the regional CPI).

### b. Attorney Schnaufer's Rate

Defendant argues that Plaintiff did not submit evidence that Attorney Schnaufer's costs have risen, nor is there evidence of the rate at which Roose compensates Schnaufer for his services.  ECF No. 28 at 11.  Thus, "to the extent that Mr. Roose's contract with Mr. Schnaufer results in a savings to Mr. Roose, the Acting Commissioner is entitled to those savings." ECF No. 28 at 11.  This argument is without merit.  *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S.

---

[3] Pursuant to the regional CPI, the Court divides the 2012 annual average (214.706) by the March 1996 CPI (150.9), then multiplies that by $125.00.  *See* http://www.bls.gov/ro5/cpiclevhistorical.pdf (last visited October 16, 2013)

8

(1:12cv358)

571, 579 (2008) (EAJA to be awarded at prevailing market rate notwithstanding the actual cost to attorney).

### c. Appellate Assistant Shriver's Rate

Plaintiff seeks $50 per hour for Appellate Assistant Shriver.  ECF No. 26 at 3.  Although Plaintiff has included BLS data on clerical wages, she fails to point to the specific entry that applies to Ms. Shriver, and a review of the submitted information does not support a $50 per hour fee.[4]  Accordingly, the Court will permit a $40 per hour fee for Ms. Shriver's work, as Defendant suggests.  *See* ECF No. 28 at 12.  *See also* Rodriquez, 2012 WL 2905928, at *6 (approving $40 per hour, as requested, for services performed by Ms. Shriver); Teeter v. Comm'r of Soc. Sec., 2013 WL 5279102, at *7 (N.D.Ohio Sept. 18, 2013) (rejecting $50 per hour rate requested for Ms. Shriver and noting the lack of relevant evidence submitted; approving $40 per hour).

### 3. Supplemental EAJA Application

Plaintiff also requests $1,382.85 in attorney fees for 7.5 hours of work in connection with her reply brief and supplemental EAJA application.  ECF No. 30 at 10.  The Supreme Court considered fees for litigating fees under the EAJA in *I.N.S. v Jean*, 496 U.S. 154 (1990), and noted,

> fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.  For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing

---

[4] Additionally, Plaintiff submitted the Occupational Employment Statistics for 1999, rather than the more recent 2011 Occupational Employment Statistics.

9

(1:12cv358)

>the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate.

*Id*. at 163 n. 10. Accordingly, to the extent the Court reduces Plaintiff's requested award by roughly twenty percent of the hours claimed, the fees requested for defending the number of hours sought will be reduced by twenty percent.[5] To the extent the Court reduces Plaintiff's requested hourly rate as it pertains to the use of the regional CPI and Appellate Assistant Shriver, the Court reduces the award a further ten percent, for a total award of $933.72.[6]

Accordingly, the Court grants Plaintiff's motion for attorney fees in the amount of $6,269.18 plus $933.72 for a total of $7,202.90. Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment duly signed by Plaintiff and her counsel. Defendant shall direct the Treasury Department to mail any check in this matter to the business address of Plaintiff's counsel.

---

[5] The Court reduced the total hours by 9.5 from 46.3 to 36.8, a roughly twenty percent decrease.

[6] The Court notes that Plaintiff prevailed on her request for attorney fees, an upward adjustment of the statutory cap, compensation for Attorney Schnaufer and fees for fee litigation. The 7.5 hours requested is multiplied by $177.85 and equals $1,333.8 8. Minus thirty percent ($400.16) amounts to $933.72.

(1:12cv358)

### IV. Conclusion

For the reasons stated above, the Court grants Plaintiff's motion (ECF No. 26) in part, and awards fees to Plaintiff in the amount of $7,202.90.


IT IS SO ORDERED.


| | |
|---|---|
| October 18, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |